AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

FILED
FEB -9 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Norfolk Division

UNITED STATES OF AMERICA
v.

LINDA T. ROWLAND

Defendant.

Case Number: 2:10cr132-001

USM Number: 76294-083

Defendant's Attorney: Andrew A. Protogyrou

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1, 2 and 3.

Accordingly, the defendant is adjudged guilty of the following count(s) involving the indicated offense(s).

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 1343 | Wire Fraud | Felony | August, 2009 | 1 |
| T. 18, USC Section 1028A(a)(1) | Aggravated Identity Theft | Felony | March 25, 2006 | 2 |
| T. 18, USC Section 1028A(a)(1) | Aggravated Identity Theft | Felony | January 7, 2008 | 3 |

As pronounced on February 7, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 8th day of February, 2011.

/s/ _____
Mark S. Davis
United States District Judge

Case Number: 2:10cr132-001  
Defendant's Name: LINDA T. ROWLAND

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SIXTY-EIGHT (68) MONTHS. The term consists of Forty-Four (44) months on Count 1, a term of Twenty-Four (24) months on Count 2, and a term of Twenty-Four (24) months on Count 3. The terms for Counts 2 and 3 are to be served consecutively to the term for Count 1, but concurrently to each other.

The Court makes the following recommendations to the Bureau of Prisons:

(1) The defendant shall be incarcerated in a facility as close to the Virginia area as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 2:00 p.m. on March 7, 2011, as notified by the United States Marshal. If the defendant is not notified by the U.S. Marshal of the institution designated, the defendant shall report to the U.S. Marshal in Norfolk, VA by 2:00 p.m. on March 7, 2011, to begin service of the sentence.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

Case Number: 2:10cr132-001  
Defendant's Name: LINDA T. ROWLAND

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of Three (3) years on Count 1, a term of One (1) year on Count 2, and a term of One (1) year on Count 3, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by T.18 USC 3563(a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                           Page 4 of 6
Sheet 3A - Supervised Release

Case Number:        2:10cr132-001
Defendant's Name:   LINDA T. ROWLAND

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the probation officer.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall participate in a program approved by the United States Probation Office for financial counseling. The cost of this program is to be paid by the defendant as directed by the probation officer.

5) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

6) The defendant is prohibited from engaging in any occupation where the defendant would have access to personal identification or account information.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

| Case Number: | 2:10cr132-001 |
|---|---|
| Defendant's Name: | LINDA T. ROWLAND |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $1,241,845.54 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$1,241,845.54** |

# FINES

No fines have been imposed in this case.

# RESTITUTION

**SEE RESTITUTION JUDGMENT ENTERED AND FILED FEBRUARY 7, 2011.**

The Court determined that the defendant does not have the ability to pay interest and it is ordered that: the interest requirement is waived for the restitution balance as long as the defendant makes timely payments in accordance with the payment schedule, or any modified payment schedule, established by the Court.

Defendant's Name: LINDA T. ROWLAND
Case Number: 2:10cr132-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Any balance remaining unpaid on the restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $500 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment ordered and shall notify the court of any change that may need to be made to the payment schedule.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL No. 2:10cr132 |
| | ) |
| LINDA T. ROWLAND, | ) |
| Defendant. | ) |

FILED
IN OPEN COURT

FEB -7 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## RESTITUTION JUDGMENT

1. The defendant is sentenced to pay, as restitution, $1,241,845.54.

2. The amount of restitution paid to any victim shall not exceed the victim's total loss from the offense of conviction.

3. The victims' names and addresses, and each victim's total losses, are listed in Attachment A to this Restitution Judgment.

4. Interest:

    ____✓____ is waived, if payments are timely paid.

    _____ accrues as provided in 18 U.S.C. § 3612(f).

5. Restitution is due immediately, and notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6. If incarcerated, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

7. The defendant shall pay to the Clerk at least $_500_ per month beginning _60 days after release from incarceration_.

8. All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, VA 23510-1811.

9. The defendant shall notify, within 30 days, the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 6500 World Trade Center, Norfolk, VA 23510 of: (a) Any change of name, residence, or mailing address; and (b) Any material change in economic circumstances that affects the ability to pay restitution.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/ MSD
Mark S. Davis
United States District Judge

MARK S. DAVIS
UNITED STATES DISTRICT JUDGE

ENTERED this 7th day of February, 2011.
at Norfolk, Virginia

WE ASK FOR THIS:

Neil H. MacBride
United States Attorney

Katherine Lee Martin
Katherine Lee Martin
Assistant United States Attorney

SEEN AND AGREED:

Linda T. Rowland
Defendant

Andrew Protogerou
Counsel for Defendant

2

*United States v. Linda T. Rowland, 2:10cr132*

## ATTACHMENT A TO RESTITUTION JUDGMENT

|  | Total Due to Victim: |
|---|---|
| AGO Finance<br>8001 Birchwood Court<br>Johnston, Iowa 50131 | $1,028,747.44 |
| Sheffield Finance<br>6010 Golden Center Drive<br>Winston-Salem, North Carolina 27103 | $155,787.00 |
| TD Retail Card Services<br>1000 MacArthur Boulevard<br>Mahwah, New Jersey 07430 | $27,759.04 |
| Capital One Bank, N.A.<br>Attention: Fraud Investigations<br>Post Office Box 85582<br>Richmond, Virginia 23060 | $20,492.06 |
| JP Morgan Chase Bank, N.A.<br>Attention: Fraud Recovery Investigations<br>Post Office Box 710988<br>Columbus, Ohio 43271-0988 | $9,060.00 |
| Total Due from Defendant: | $1,241,845.54 |

3